IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA )<br><br>    Petitioner )<br><br>v. )<br><br>PHARMACY CARE USA OF WESLACO LLC )<br><br>    Respondent ) | Case No. 5:23-cv-00971-SLP |

**PETITIONER'S MOTION FOR DEFAULT JUDGMENT
AND BRIEF IN SUPPORT**

**I. MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b), Petitioner, Pharmacy Corporation of America ("PharMerica"), by counsel, moves for a default judgment against Respondent, Pharmacy Care USA of Weslaco LLC ("Respondent"). In evidentiary support of this motion, PharMerica submits the Affidavit of Benjamin C. Fultz (the "Fultz Affidavit") attached hereto as **Exhibit 1**.

**II. BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

**A. Introduction and Background**

PharMerica filed its Petition for Confirmation of Arbitration Award against Respondent in this Court on October 25, 2023 [Doc. No. 1] (the "Petition"). The Petition seeks confirmation of an arbitration award made August 11, 2023, in an arbitration proceeding between PharMerica and Respondent (the "Award"). A true and correct copy

of the Award is attached hereto as **Exhibit 1A**. PharMerica seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 9, confirming the Award and entry of judgment thereon pursuant to 9 U.S.C. § 13. *See* Fultz Affidavit at ¶ 3. This is a bona fide, well-recognized statutory cause of action.

## B. The Applicable Law

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining a default judgment. First, a plaintiff must apprise the court that the opposing party has "failed to plead or otherwise defend" by "affidavit or otherwise" and request the clerk to "enter the party's default." Fed. R. Civ. P. 55(a). Second, the party obtaining a default must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). *Oklahoma Stud Ranch Inc. v. Helzer*, No. CIV-22-82-SLP, 2022 WL 18585879, at *1 (W.D. Okla. June 13, 2022) (Palk, J.).

The first procedural step has been satisfied. There has been an entry of default against Respondent [Doc. No. 15] after Respondent failed to answer or otherwise defend. Proceedings leading up to that entry are set forth in the Fultz Affidavit at ¶¶ 3 – 11. PharMerica now brings this motion as the second procedural step.

Pursuant to Rule 55(b)(1):

> **(1) *By the Clerk.*** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

"[I]f the amount claimed is not contested due to the defendant's failure to answer, and the claim is for a sum certain, default judgment may be entered for that amount without

2

further hearing pursuant to Rule 55(b)(1). *Oklahoma Stud Ranch Inc.*, No. CIV-22-82-SLP, 2022 WL 18585879, at *2 (citing *Tabb v. Mentor Protection Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622 at *2 (W.D. Okla. June 29, 2018) (citing *United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006))).

In deciding a motion for default judgment, the Court must engage in a review of its jurisdiction over both the subject matter of Plaintiff's Complaint and the parties. *See Oklahoma Stud Ranch Inc. v. Helzer*, No. CIV-22-82-SLP, 2022 WL 18585879, at *1 (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Cooper Res., LLC v. Alldredge*, No. 20-CV-457-JFH, 2021 WL 3640704 at *1 (E.D. Okla. Aug. 17, 2021)). "When deciding a motion for default judgment the court must accept as true the well-pleaded factual allegations of the complaint." *Oklahoma Stud Ranch Inc.*, No. CIV-22-82-SLP, 2022 WL 18585879, at *1 (citation omitted).

### C. Argument

#### Jurisdiction and Venue

Here, the Petition sufficiently alleges subject matter and personal jurisdiction, as well as venue in this judicial district. These allegations, which must be taken as true, are that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). This is a civil action between citizens of different states. PharMerica is a citizen of California and Kentucky. Respondent is a citizen of Oklahoma by virtue of the Oklahoma citizenship of its sole member, Kent Abbott. The amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Petition at ¶¶ 8-10; Fultz Affidavit at ¶ 4.

Likewise, the Petition sufficiently alleges personal jurisdiction over Respondent because Respondent has minimum contacts with Oklahoma such that subjecting it to suit in Oklahoma does not offend traditional notions of fair play and substantial justice. In particular, Respondent has its principal place of business in Hydro, Oklahoma, and purposefully availed itself of the privilege of conducting activities within Oklahoma, thus invoking the benefits and protections of its laws, including, but not limited to the transactions underlying and giving rise to the Award. Thus, subject matter and personal jurisdiction exist. *See* Petition at ¶¶ 8-11; Fultz Affidavit at ¶ 4.

The Petition also adequately alleges that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the real property and related equipment that are the subject of this action are situated in this judicial district, and *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195, (2000) (venue provisions of the Federal Arbitration Act are permissive, permitting a motion to confirm, vacate, or modify an arbitration award either where the award was made *or* in any district proper under the general venue statute). *See* Petition at ¶ 12; Fultz Affidavit at ¶ 4. Moreover, due to Respondents' default, any defect in venue is waived. *Oklahoma Stud Ranch Inc.*, No. CIV-22-82-SLP, 2022 WL 18585879, at *1 (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986)).

PharMerica's Claim is for a Sum Certain

PharMerica's claim is for a sum certain or a sum that can be made certain by computation. *See* Fultz Affidavit at ¶ 13. A true and correct copy of the Award is attached

as Exhibit A to the Petition. *See* Petition at ¶ 2, Ex. A. A true and correct copy of the Award is also attached as Exhibit A to the Fultz Affidavit tendered herewith. *See* Fultz Affidavit at ¶ 3, Ex. A. The itemized amount of the Award is set forth at Page 28 of the Award.

The Award determines and provides that One Million, Four Hundred Seventy-Four Thousand, Two Hundred Eighty-Two Thousand Dollars and Sixty-six Cents ($1,474,282.66) is "due PharMerica from Pharmcare [*i.e.*, Respondent]." The Award further provides, "Additionally, post-judgment interest shall accrue at a rate of 6% per annum (.0164% daily) from the date this report is delivered [*i.e.*, August 11, 2023] until such date that Pharmcare [*i.e.*, Respondent] pays PharMerica the amount awarded." The amount of damages is reasonable under the circumstances as is set forth in exhaustive detail in the Award. *Oklahoma Stud Ranch Inc.*, No. CIV-22-82-SLP, 2022 WL 18585879, at *1 (citation omitted). *See* Fultz Affidavit at ¶ 13; Calculation on Award, **Exhibit 1B**.

Respondent has not paid PharMerica anything under the Award. *See* Fultz Affidavit at ¶ 14. Thus, as of the date of this motion the Award, including interest, is One Millon, Five Hundred Thirty-Seven Thousand, Seven Hundred Seventy-Seven Dollars and Seventy-Nine Cents ($1,537,777.79), with interest accruing. *See* Fultz Affidavit at ¶ 15.

<u>Military Affidavit</u>

Respondent, a limited liability company, is neither a minor nor an incompetent, and is not in the military. LCvR55.1 provides that, "No application for a default judgment

shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act," and such an affidavit accompanies this motion. *See* Fultz Affidavit at ¶ 16.

PharMerica is Entitled to Confirmation of the Award and Default Judgment

PharMerica has satisfied the requirements of Rule 55(b). Because PharMerica's claim is for a sum certain or a sum that can be made certain by computation, and because Respondent is not a minor, an incompetent, or in the military, Rule 55(b)(1) authorizes the Clerk is authorized to enter judgment against Respondent for that amount and costs as set forth in the Fultz Affidavit at ¶¶ 13, 15. The portions of the record in this action cited above and the attached Affidavit of Benjamin C. Fultz make the required showing that Respondent has failed to plead or otherwise defend. Accordingly, the Clerk should, on her own initiative or at the direction of the Court, enter a default judgment confirming the Award and granting judgment thereon. A proposed judgment to this effect is tendered herewith.

Dated:  May 3, 2024                Respectfully submitted,

*/s/ Anthony J. Jorgenson*
Anthony J. Jorgenson, OBA #17074
**JORGENSON PLLC**
101 Park Ave., Suite 1300
Oklahoma City, OK 73102
Telephone: (405) 812-1431
Facsimile: (405) 553-2855
anthony@jorgensonPLLC.com

-and-

>Benjamin C. Fultz (*admitted pro hac vice*)
>FULTZ MADDOX DICKENS PLC
>101 S. Fifth Street, 27th Floor
>Louisville, Kentucky  40202
>Telephone: (502)588-2000
>Facsimile: (502) 588-2020
>bfultz@fmdlegal.com
>*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3rd, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Clerk will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

>*/s/ Anthony J. Jorgenson*
>*Counsel for Petitioner*